RECEIVED
SEP 1 6 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Cash, et al

versus

Unocal Corp., et al

Civil Action No. 04-1648

Judge Tucker L. Melançon

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant Lytal Enterprises, Inc. ("Lytal") [Rec. Doc. 124] and a memorandum in opposition thereto filed by Max Welders, Inc. ("Max Welders"). *R. 128.* For the following reasons, the motion will be denied.

*I. Background*

This case arises out of personal injuries allegedly sustained by plaintiff, Michael Cash, while he was employed by Shaw Global. Unocal retained Shaw Global to provide painting and sandblasting on its fixed platform located within the Ship Shoal Block 209 Field. Cash and the other Shaw Global workers were housed at an adjacent platform and were transferred back and forth to the platform work location via a vessel owned by Lytal, the M/V LYTAL ANDRE. Unocal contracted Lytal to transport Unocal's contractors, including employees of Shaw Global, to its various Unocal platforms located in the Gulf of Mexico. Cash alleges that he was injured on August 11, 2003 while being lowered in a personnel basket by a crane stationed on the housing platform onto the M/V LYTAL ANDRE. At the time of the accident, the crane was being operated by an employee of Max Welders.

Plaintiff filed this suit against Unocal, Max Welders and Lytal seeking recovery for the injuries that he allegedly sustained when he was transferred from the housing platform onto the deck of the vessel. *R. 1, 35.* Lytal moves for summary judgment on the basis that there is no issue of genuine material fact that no negligence or fault on the part of its vessel caused or contributed to plaintiff's accident. *R. 124-2.*

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.*

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to

at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*III. Analysis*

In its motion, Lytal contends that because its vessel did not cause or contribute to the incident at issue, Lytal should be dismissed from this action. In support of its position, Lytal offers the following evidence: (1) the decision to lower plaintiff by personnel basket was made by a representative of UNOCAL, *R. 124, Exh. C, Depo. Of Ellerbee, p. 26, l. 24, p. 27,*

---

establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

3

*ll. 1-11, p. 135, ll. 4-7;* (2) neither the vessel owner nor the vessel captain were involved in that decision, there was no reason for the captain to object to the transfer and there were no issues with visibility or weather, *Id. at Exh. B, Depo. Of Plaintiff, p. 93, ll. 3-6, p. 108, ll. 12-18; Exh. C., Depo. of Ellerbe, p. 48, ll. 20-22, ;. 49, ll. 11-18, page 51, ll. 11-16;* (3) plaintiff stated in his deposition that he did not think the vessel did anything wrong to cause his accident, *Id. at Exh. A, Depo. Of Plaintiff, p. 8, ll. 19-22;* (4) plaintiff's expert, Kenneth Kaigler, did not place any blame on the vessel, *Id. at Exh. D, Expert Rpt. of Kaigler;* (5) the vessel was properly positioned under the personnel basket as it was being lowered and was sufficiently held in position to place the basket on the deck, *Id. at Exh. C, Depo. Of Ellerbee, p. 53, ll. 1-13, p. 61, ll. 8-19, p. 135, ll. 11-20; Exh. A, Depo. Of Plaintiff, pg. 8, ll. 23-25, p. 9, l. 1;* and (6) both the plaintiff and the crane operator, Glenn Ellerbee, agree that the cause of the incident was that the crane lowered the personnel basket too quickly. *Exh. C. Depo. Of Ellerbee, p. 62, ll. 1-20, p. 65, ll. 17-24, p. 131, ll. 5-24.* Lytal cites plaintiff's June 19, 2008 and March 8, 2005 depositions for its contention that there was enough room on the deck of the vessel for the personnel basket to land. *Id. at Exh. A, 6/19/08 Depo. Of Plaintiff, p. 8, ll. 23-25, p. 9, 11, p. 10, ll. 1-3, p. 12, ll. 4-19, p. 13-14, p. 16, ll. 23-24, p. 17, ll. 4-7; Exh. B, 3/8/05 Depo. Of Plantiff, p. 117, ll. 16-23, p. 118, ll. 1-5.* Lytal also cites the deposition of Ellerbee in maintaining that Ellerbee could see the vessel's deck and there was enough room to place a personnel basket. *Exh. C, Depo. Of Ellerbee, p. 133, ll. 21-25, p. 134, ll. 1, 8-13.*

In its opposition to Lytal's motion, Max Welders argues that there are genuine issues of material fact regarding whether Lytal was at fault in causing plaintiff's accident. *R. 128.* In particular, Max Welders contends that the evidence indicates that: (1) the landing area on the vessel was cluttered with objects; and (2) Lytal did not have a deckhand assist in the transfer. *Id.*

The deposition testimony of the captain of the LYTAL ANDRE indicates that the cargo basket was normally placed on the front of the vessel in order to keep the landing area on the back deck clean for personnel transfers. *Id. at Exh. D, Depo. Of Raffield, pp. 30-32, 47-48, 55.* Contrary to the normal location of the cargo basket, plaintiff and Gilbert Williams, the co-worker riding with plaintiff in the personnel basket at the time of the alleged accident, testified that the cargo basket was on the back of the vessel where the personnel basket was let down and that the personnel basket hit the cargo basket. *Id. at Exh. E, 06/19/08 Depo. Of Plaintiff, p. 16; Exh. B, 01/04/07 Depo. Of Williams, p. 11.* A close review of the deposition testimony of Ellerbee reveals that his testimony is, at best, equivocal as to whether there was enough room on the vessel deck to safely set down the personnel basket. Ellerbee's deposition states as follows:

> Q. And there was a clear landing area for you to put the basket in?
> A. Let – let me put it this way: not a whole lot of a landing area, but, yes, there was enough to – well, put it this way: There was enough area to set a personnel basket. And even in the conditions we were working with, between me and the boat and the weather, and the fact that it's personnel, in retrospect it would probably be a close call as to whether or not it was safe to do --
> Q. Well --

5

> A. Because of a number of instances. And the space on the back deck would be one of those contributing factors, but not – I would not say a primary factor at all. And I would say overall that, yes, there was enough space to safely put the basket down, because in fact we did do that.
> . . .
> Q. But at no time did you think it was unsafe to do the job to lower the basket onto the back deck.
> A. Actually, throughout the – all of the lifts, I personally felt it was a close call, it was a kind of borderline decision.

*Id. at Exh. A., pp. 133-134, 136.*

Max Welders also asserts that Lytal's captain and relief captain both stated that there should have been a Lytal crew member on the back deck of the vessel to assist in the transfer by using a tag line attached to the personnel basket for stabilizing and positioning. *Id. at Exh. D, Depo. Of Raffield, pp. 16, 45; Exh. C, Depo. Of Layton, pp. 26-27.* During the accident in question, no Lytal crew member was holding the tag line. *Id. at Exh. A, Depo. Of Ellerbe, p. 135, Exh. D, Depo. Of Raffield, pp. 16, 45.* Williams testified that he believed the accident would not have happened if a deckhand would have been using a tag line to set down the personnel basket. *Id. at Exh. B, Depo. Of Williams, pp. 95-98, 105, 112.*

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir.

1991). The parties each submit different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment.

Upon reviewing the evidence under the Rule 56 standard, the Court must conclude that Lytal has not carried its burden to show that there are no issues of material fact and the entry of summary judgment is precluded.